IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SARBAST ABDULLAH ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-0448-CV-W-NKL |
| | ) | |
| MICHAEL B. MUKASEY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Sarbast Ali ("Ali"), a citizen of Iraq, requests that this Court either naturalize him or compel Defendants Michael B. Mukasey, Attorney General; Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T Gonzales, Director of the United States Citizenship and Immigration Services (USCIS); Michael Jaromin, Director of the Kansas City Office of USCIS; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation, to immediately adjudicate his naturalization application.[1] Ali moves for summary judgment [Doc. # 24], while the Government provided the following response to the second "show cause" order entered in this case:

> In response to the multitude of cases like the one presently pending before the Court, the United States Citizenship and Immigration Services ("USCIS"), a defendant herein, has requested that the Department of Justice discontinue raising objections to subject matter jurisdiction. Moreover, in all pending cases, such as the case before the Court, the USCIS is asking the FBI to expedite the name check

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted Michael Mukasey for Alberto Gonzalez, originally named in Ali's complaint.

clearance for the aliens. To that end, the defendants request that the Court remand this matter to the USCIS so that the case may be adjudicated upon receipt of the FBI's expedited name check.

[Doc. # 27]. This Court now grants summary judgment for Ali. The case is remanded to USCIS with instructions.

**I.    Facts**

On October 17, 2003, Ali filed his Form N-400 Application for Naturalization. He was interviewed on June 7, 2004, and successfully passed both the English language and the history and government tests. Despite the passing of over 46 months since Ali's interview, USCIS has yet to adjudicate his application.

**II.    Standard**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006) (citing *Gipson v. I.N.S.*, 284 F.3d 913, 916 (8th Cir.2002)). In the present case, the parties essentially agree to the material facts, making summary judgment appropriate. *See W.S.A., Inc. v. Liberty Mut. Ins. Co.*, 7 F.3d 788, 790-91 (8th Cir. 1993) (citing *Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*, 959 F.2d 1438, 1440 (8th Cir. 1992)).

**III.    Discussion**

The Government evidently concurs that 8 U.S.C. § 1447(b) vests this Court with subject matter jurisdiction. (Doc. 27); *see also Patel v. Gonzales*, No. 07-0083, 2007 WL

2811470, at *2-*4 (W.D. Mo. Sept. 24, 2007); *Salah v. Gonzales*, No. 07-0144, 2007 WL 3094228, at *2-*3 (W.D. Mo. Oct. 19, 2007); *Ibrahim v. Gonzales*, No. 07-3099, 2007 WL 3072170, at *2-*4 (W.D. Mo. Oct. 18, 2007). Almost four years have passed since Ali completed his interview and tests; the Government is clearly in violation of § 1447(b)'s 120-day time frame.

The Government requests that the case be remanded to USCIS without instructions regarding the background check, relying on the USCIS's representation that it has requested the FBI to "expedite the name check clearance for the aliens." It is not clear who the Government includes when referring to "the aliens." However, the Government has not provided any evidence upon which this Court may deny the relief requested specifically and individually by Ali. The Government did not file a response to Ali's motion for summary judgment, but rather a cursory response to this Court's "show cause" order of April 1, 2008. (Doc. 26). This Court has noted the Government's similar conduct in 1447(b) cases before. *See Kilani v. Gonzalez,* 2008 U.S. Dist. LEXIS 12946 (W.D. Mo. Feb. 21, 2008); *Zhu v. Chertoff*, 525 F. Supp. 2d 1098, 1099 n.1 (W.D. Mo. 2007). Because the Government has not provided any support for why it has failed to comply with § 1447(b)'s requirements in this case, summary judgment is granted in favor of Ali. Further, under the individual circumstances presented here, the Court remands this matter to the USCIS with instructions to make a decision on Plaintiff's application within 30 days of receiving a completed background check from the FBI and that the FBI complete the name check process within 60 days this Order. *See Zhu*, 525 F. Supp. 2d at 1102; *Salah*, 2007 WL 3094228, at *4; *Ibrahim*, 2007 WL 3072170, at *8; *Alhamedi v. Gonzales*, No. 07-2541, 2007 WL 1573935,

at * 4 (S.D.N.Y. May 30, 2007).

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff Sarbast Abdullah Ali's Motion for Summary Judgment [Doc. # 24] is GRANTED and the above-captioned case REMANDED to USCIS with the following instructions: (1) The FBI shall complete Ali's background security check and report the results to the USCIS within 60 days of the date of this Order; and (2) the USCIS shall complete its adjudication of Plaintiff's Form N-400 application within 30 days of receiving the FBI security check. Upon completion of the adjudication, the USCIS shall promptly file an affidavit demonstrating compliance. The Court retains jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

DATE: May 13, 2008  
Kansas City, Missouri